**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Roberto Navarrete, Jose Luis Gutierrez, Benjamin Vergara, Angel Maldonado, Cristobal Hernandez Mejia, Marco Vergara,<br>    *on behalf themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Family Construction and Home Improvement, Inc, an Illinois Corporation, Ion Vanciu and "John Doe,"<br><br><br>Defendants. | Case No. 18-cv-219<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>Jury demanded |

**COMPLAINT**

Plaintiffs, through their undersigned attorneys as their Complaint against Defendants, allege the following:

**NATURE OF THE CASE**

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and an class action to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/4 and 5, on behalf of a class of workers represented

by Plaintiffs and Jose Luis Gutierrez, Roberto Navarrete, Benjamin Vergara, Cristobal Hernandez Mejia, Marco Vergara and Angel Maldonado.

3. In violation of the FLSA and the IMWL, Defendants failed to pay Plaintiffs, and other similarly situated workers, wages owed, and overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiffs and similarly situated workers at the minimum hourly wage and by not paying the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Defendants violated the IWPCA by failing to pay wages when due and failing to pay final compensation when due.

4. As a remedy for Defendants' acts, Plaintiffs seek relief, on behalf of themselves and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

6. At all relevant times herein, Plaintiffs Roberto Navarrete, Jose Luis Gutierrez, Benjamin Vergara, Angel Maldonado, Marco Vergara, and all others similarly situated resided in and were domiciled within this judicial district.

7. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, IWPCA within this judicial district.

8. At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

9. During the course of their employment, Plaintiffs worked as a "construction workers" for Defendants.

10. At all relevant times herein, Plaintiffs were engaged in commerce or in the production of goods for commerce, as those terms are defined under the act

11. Defendant Family Construction and Home Improvement, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Family Construction and Home Improvement, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

12. At all relevant times herein, Family Construction and Home Improvement, Inc. was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

13. Defendant Ion Vanciu is an officer of Family Construction and Home Improvement, Inc. and was involved in the day to day business operations of Defendant Family Construction and Home Improvement, Inc. Defendant Ion Vanciu had the authority to hire and fire persons employed by Defendant Family Construction and Home Improvement, Inc., including the Plaintiffs; the authority to direct and supervise the work of Defendant Family Construction and Home Improvement, Inc. employees; the authority to sign on Defendant Family Construction and Home Improvement, Inc. checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

14. Defendant Ion Vanciu was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

15. Defendant John Doe is an officer of Defendant Family Construction and Home Improvement, Inc. and had the authority to direct and supervise Plaintiffs' work.

16. Plaintiffs have executed consent to sue notices, which are attached to this complaint as an exhibit.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring Counts I, II, and III of this action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

18. The FLSA Class, of which Plaintiffs are members, and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All employees employed by Family Construction and Home Improvement, Inc. and Ion Vanciu, were expected to perform construction work any time from January 2014 through the present.

19. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 20 persons.

20. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring Count II and Count III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and other members of the Rule 23 Class defined as:

> All employees employed by Family Construction and Home Improvement, Inc. and Ion Vanciu were expected to perform construction services any time from January 2014 through the present.

22. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Class, but upon information and belief, avers that it consists of at least 20 persons and that most do not speak English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

23. There are questions of law or fact common to the Class, including but not limited to the following:

> a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiffs and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;
>
> b. whether Defendant Ion Vanciu was an "employer" of Plaintiffs and other Class members pursuant to the IMWL and IWPCA.

24. The claims of Plaintiffs are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

25. Plaintiffs will fairly and adequately protect the interests of the Class. Their interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

26. The questions of law or fact that are common to the Class predominate over any

questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast, certification of the claims in Count II pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

## COUNT I
### Violation of the FLSA - 29 U.S.C. § 206(a)(1)(C)
### Failure to Pay Minimum Wage

28. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

29. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay wages to Plaintiffs at the minimum hourly rate. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206(a)(1)(c).

30. During the course of Plaintiffs' employment with Defendants, Plaintiffs were owed wages which were never paid and which resulted in their earning less than the minimum hourly wage for those periods of time fpor which they were not compensated.

31. Pursuant to 29 U.S.C. §206(a)(1)(c), Plaintiffs were entitled to be compensated at a the minimum hourly wage prevailing in the location which they worked.

32. Defendants failed to pay Plaintiffs at all for several weeks of work and in so doing failed to pay them the minimum hourly wage.

33. Defendants' failure to pay Plaintiffs wages violated the FLSA, 29 U.S.C. § 206(a)(1)(c).

6

34. Defendants willfully violated the FLSA by failing and refusing to pay Plaintiffs wages for all time worked.

35. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay wages, and refusal to pay when demand was made, was a willful violation of the FLSA, 29 U.S.C. §206(a)(1)(c).

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of wages at Plaintiffs' regular rate for all time Plaintiffs worked but were not paid;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FLSA – 29 U.S.C. § 207
### Failure to Pay Overtime Wages

36. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

37. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

38. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

39. During the course of Plaintiffs' employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

40. Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendants did not compensate Plaintiffs at the rate of one and one-half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

42. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

43. Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

44. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the IMWL- 820 ILCS 105/4
### Failure to Pay Minimum Wage

45. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceeding paragraphs of this Complaint.

8

46. Count three arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for Defendants' failure to pay, at the minimum hourly rate, wages due to Plaintiffs,.

47. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

48. Defendants failed to pay Plaintiffs at all for several weeks of work

49. Pursuant to 820 ILCS 105/4, Plaintiffs were entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

50. Defendants' failure to pay Plaintiffs wages violated the IMWL, 820 ILCS 105/4.

51. Defendants willfully violated the FLSA by refusing to pay Plaintiffs wages for all time worked even after numerous demand were made upon them.

52. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

> WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:
>
> A. A judgment in the amount of all back wages due as provided by the IMWL;
>
> B. Damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain pursuant to 820 ILCS 105/12(a);
>
> C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and
>
> D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the IMWL - 820 ILCS 105/4(a)(1)
### Failure to Pay Overtime Wages

53. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceeding paragraphs of this Complaint.

9

54. Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay wages to Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

55. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

56. During the course of Plaintiffs' employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

57. Pursuant to 820 ILCS 105/4(a), Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

58. Defendants did not compensate Plaintiffs at the rate of one and one-half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

59. Defendants' failure to pay Plaintiffs' overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

60. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

   WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

   A. A judgment in the amount of all back wages due as provided by the IMWL;

   B. Damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain pursuant to 820 ILCS 105/12(a);

   C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the IWPCA – 820 ILCS 115/4
### Failure to Pay Wages When Due

61. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

62. Count V arises from Defendants' failure to pay Plaintiffs' earned wages when due, for all time worked, at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/4.

63. Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties within 13 days of the end of the customary pay period.

64. By failing to pay Plaintiffs, at all for weeks of work performed, Defendants failed to pay Plaintiffs all sum due within 13 days after the end of the established pay period.

65. Defendants' failure to pay all wages, when due, violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/ Jorge Sanchez
One of Plaintiffs' attorneys


Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP

77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784


Dated: January_____, 2018